UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ALONSO MANCHAME-MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN RAYCRAFT, Detroit Field Office Director, Immigration and Customs Enforcement and Removal Operations, *et al.*,<br><br>Respondents. | ) | CASE NO.: 3:26-cv-01533<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**ORDER** |

Before the Court is *pro se* Petitioner Luis Alonso Manchame-Maldonado's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons stated herein, the Petition is DENIED.

## I. BACKGROUND

Petitioner is a native of Honduras. (Doc. 1-6 at 29.)[1] He entered the United States in 2020. (*Id.*) He applied for asylum and withholding of removal pursuant to 8 U.S.C. §§ 1158(b)(1)(A) and 1231(b)(3)(A). On December 6, 2023, an immigration judge found Petitioner abandoned his application for asylum and withholding of removal because he did not comply with certain requirements, including submission of biometrics. (Doc. 4-1 at 54.) Petitioner appealed, asserting ineffective assistance of counsel. (*Id.*)

On April 3, 2026, Petitioner was detained by Immigration and Customs Enforcement

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

("ICE"). (Doc. 1 at 4.) Shortly after his detention, on April 21, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to Section 2241. *See Manchame-Maldonado v. Immigration & Customs Enforcement*, No. 26-cv-946 (N.D. Ohio filed on Apr. 21, 2026). Petitioner challenged the government's position he was subject to mandatory detention pursuant to 8 U.S.C. § 1225. On May 21, 2026, the court granted his petition in light of *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The court ordered the government to afford Petitioner a bond hearing or release him from custody. *Manchame-Maldonado*, No. 26-cv-946 (Doc. 7 filed on May 21, 2026). That same day, the Immigration Court scheduled a bond hearing for May 26, 2026, and issued notice. (Doc. 4-2 at 56.)

Petitioner claims he did not receive notice of his bond hearing. (Doc. 1-1 at 10.) Nonetheless, the Immigration Court held a bond hearing as scheduled. (*Id.*) Petitioner appeared but his counsel did not. (Doc. 3.) After attempting to contact counsel, the Immigration Court proceeded with the hearing but instructed Petitioner he could, through counsel, seek reconsideration at a later date. (*Id.*) The Immigration Court denied bond because it found Petitioner was a flight risk and danger to the community. (*Id.*) Petitioner has not filed a motion for reconsideration nor has he appealed the bond order. (Doc. 4-4 at 58.) He now challenges the bond hearing through this Petition and seeks a new hearing. (Doc. 1-1 at 19-20.)

At the same time as the above proceedings, on June 4, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the denial of his applications for asylum and withholding of removal. (*Id.*) The BIA found Petitioner did not comply with the procedural requirements needed to assert ineffective assistance of counsel. (*Id.* at 54-55.) Therefore, the BIA dismissed the appeal, and Petitioner's removal became final. (*Id.*) Petitioner had 30 days to appeal but did not do so. (Doc. 4 at 47.)

## II. ANALYSIS

Any "individual detained within the United States" may seek a writ of habeas corpus.[2] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Habeas relief is available where a person's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Court begins and ends with Respondents' first argument: that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231. (Doc. 4 at 47.) Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The statute further provides that "[d]uring the removal period, the Attorney General shall detain the alien." § 1231(a)(2)(A).

Here, Petitioner is subject to a final order of removal which became effective on June 4, 2026. § 1231(a)(1)(B). Section 1231 applies to Petitioner. *Zadvydas v. Davis*, 533 U.S. 678, 682-83, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *Martinez v. Larose*, 968 F.3d 555, 560 (6th Cir. 2020). He is therefore subject to the 90-day removal period and detention is statutorily mandated.[3] *Zadvydas*, 533 U.S. at 683; *Martinez*, 968 at 564 (detainees subject to Section 1231 have "no right to a bond hearing"). Because the Court cannot afford the relief Petitioner now seeks, the Petition is denied. *See Badraldiyn v. Raycraft*, No. 26-cv-1162, 2026 WL 1105092, 2026 U.S. Dist. LEXIS 89944 at *7 (W.D. Mich. Apr. 23, 2026) (dismissing habeas petition

---

[2] At the time of this writing, it is unclear if Petitioner is "detained in the United States." *Zundel v. Berrong*, 106 F. App'x 331, 334 (6th Cir. 2004). Absent clarification, the Court addresses the Petition.

[3] To the extent Petitioner remains in the United States, he may challenge the reasonableness of his custody should it exceed the 90-day removal period. The Court does not address Respondents' arguments on this point because the issue is not ripe.

where petitioner was subject to final order of removal under § 1231 and within the 90-day removal period); *Gutierrez v. Noem*, No. 26-99, 2026 WL 1557477, 2026 U.S. Dist. LEXIS 121183, at *6-7 (E.D. Ky June 2, 2026).

## III. CONCLUSION

For the reasons stated herein, *pro se* Petitioner Luis Alonso Manchame-Maldonado's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED and this matter DISMISSED.

**IT IS SO ORDERED.**

Date: August 31, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE